UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PHILLIP C. TRAVAGLIANTE, | ) | CASE NO. 1:17 CV 66 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| MEDINA COUNTY COURTS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Phillip C. Travagliante brings this 42 U.S.C. § 1983 action against Defendant "Medina County Courts." His one-page complaint states he sought protection on January 10, 2017 from Defendant - the same date this action was filed - for himself and his minor children against abuse by his spouse and her "possible sex offender boyfriend." Plaintiff seeks $100 million in damages.

A cause of action fails to state a claim upon which relief may be granted when it lack "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the pleading are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but the complaint must provide

Case No. 1:17 CV 66
Gwin, J.

more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim, or even that there is a arguable basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Case No. 1:17 CV 66
Gwin, J.

    Accordingly, this action is dismissed.

    IT IS SO ORDERED.


Dated: January 19, 2017                    *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE